United States District Court
For The Middle District of Fla.

6:21-CV-78-ORL-18 DCI

Bernard Pew
movant

Orange County Court Case # 2004-CF-011098-A

vs.

Civil Court Div

The Circuit Court of Orange Co., Through its
Court Officers, Judges Thomas W. Turner, Judge/
Ex-Public Defender Judge, Cynthia McKinnon and
The Office of The State's Attorney for Orange Co. Fla
      Defendants

— Clerks Copy —

FILED 2021 JAN 11 PM 2:48
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## Petition Seeking Civil Remedy

Comes now the movant, Bernard Pew, pro se files his Petition Seeking Civil Remedy with this court, because of the "Refusals" of the Circuit Court of both Orange and Seminole Counties "Refusals" to address the issues in those filings, When the movant in 2019 attempted to file with the Clerk of Court for both Counties in regards to "Numerous Rights Violations" the movant is certain has taken place, The movant then attempted to file this matter with the Clerk of the Court for Osceola Co, Whom also refused to file in this matter, Stating the movant had to file with the court that the case number reflected that the case—

— 1 —

Orginated, has caused the movant to address this matter through the U.S District Court! The "5 DCA" in "2013", Barred the movant from filing any Petitions in regards to this case number as a Pro'se litigant in either Orange, Seminole Counties or with the "5 DCA"!

## — Statement of The Facts —

On August 27, 2004, the movant was arrested by the Orange Co. Sheriffs Dept. for at that time "Multiple" criminal Offense, that can be viewed when this issue is under review by this court! In either November or December of "2004", the Circuit Court of Orange Co. found the movant "Incompetent To Proceed", and committed the movant to the Department of Children and Families for Treatment! In Sept of 2005, the movant was returned to the Circuit Court of Orange Co. as being "Competent To Proceed" by the "State Hospital Evaluators" at the hospital facility in Chattahoochee, Fla.! On November 30, 2005 the Circuit Court of Orange Co. allowed the movant to "Plead Not Guilty By Reason of Insanity", Without that court first finding that the movant was infact Competent to proceed as is the proper procedure according to the Fla. Rules of Criminal Procedure, then causing the movants finding of being "Not Guilty By Reason of Insanity" to then become an "Illegal finding", that caused the petitioners incarceration until Sept 14, 2018 to be in Violation of the U.S Constitution as well as in Violation of the Fla. Rules of Criminal Procedure as Well! This Petition for Civil Remedy is being filed to address this issue!

## — Arguement In Support —

On November 30, 2005, the courts failure to follow the Fla. Rules of Criminal Procedure, when a defendants Competency is an issue, Where the court had previously found the defendant "In Competent To Proceed", and committed said defendant to a State Hospital facility for an Evaluation and Treatment, So that the defendant could be returned to that court

-2-

for a final disposition of his criminal case, The Circuit Court of Orange Co., through its Court Officers failed to remain within the Guidelines as written in the Fla. Rules of Criminal Procedure, when said court on November 30, 2005 failed to find the movant "Competent To Proceed" prior to it allowing the movant to enter into a plea agreement that would then allow that Court to find the movant "Not Guilty By Reason of Insanity" then committing the movant to an "Unspecified" Term within a State Hospital run or under operation by the Fla. Department of Children and Families!

While doing the NGI commitment order, Written in said commitment order, is a paragraph that states the defendant can & request to be present at the either annual or yearly hearings held to determine if the defendant required continued Hospitalization in this matter. The movant made Numerous request to State Hospital evaluators about he would like to be present at these hearings! It never happened, Until finally in '2017 after the movant kept writing the Judge assigned to this matter at that time, the court granted movant a chance to be present at a hearing that was to commence in late '2017 or early '2018!

A Public Defender was appointed to represent the movant at that time!

Public Defender Ms. Lydea Laban, was reviewing the NGI finding and discovered that prior to the court finding her then client NGI, it never on the Face of The Record, Nor had a "Written Order" finding her client Competent To Proceed, prior to the movant accepting the Plea Agreement, for the finding by the court that would find him NGI! The finding was illegal and it violated Numerous Rights that are guaranteed to the movant

—3—

thus the Constitution of The United States of America, and as well violated the movants rights under the Fla. Rules of Criminal Procedure!

Then after that Court realized what an "Enormous Error" it made, after that Court did an "Extensive Investigation", in an attempt to find on the face of the record of it's proceedings in this cause, had it actually made such a "Gross Error" and not-found the movant "Competent To Proceed" before it allowed the movant to Plea-NGI to the Court!

The Court through its own investigation was not able to locate anywhere on its records, where it did find the movant "Competent To Proceed" before its finding and allowing the movant to Plea-NGI on November 30, 2005, it was also unable to locate anywhere in its "Court Case File" where the Court did a "Written Order" finding that the movant was Competent To Proceed either!

The Court at that point in "Mid 2018" "Rescinded" its earlier November 30, 2005 finding that the movant was Not Guilty By Reason of Insanity!

Therefore in this cause, the record of these proceedings will give all the "Verification" necessary for this Civil Complaint to have a legal standing and then give the movants claim that he suffered "Multiple Constitutional Rights Violations" as well as his Rights to a criminal Prosecution under the Fla. Rules of Criminal Procedure were as well violated Multiple times as well by the Officers or Officials of the Court for the Circuit Court For Orange Co, Fla, as to its criminal Case #2004-CF-000011098-A!!

-4-

The movant asserts, that the record of these proceedings and the burden of proof the movant asserts will give his claim of the <u>Numerous Rights Violations</u> committed by the Circuit Court for Orange Co. in this instance, are the verification this court will need at the it makes its determination if the movants claims have "Merit", and can then move to the next <u>Phase</u> of the "<u>Civil Proceeding</u> process"!

The Circuit Court of Orange Co. made an "<u>Error</u> so "<u>Enormous</u>", it caused a man to be "<u>Unlawfully Committed</u>" for "14 yrs of his life, Then to add "<u>Error</u>" to "<u>Insult</u>", that Court on Sept 14, 2018, released that man-<u>Homeless</u>, <u>Penniless</u>, and worst of all, Without any form of Court Ordered treatment to address his <u>Mental Health</u> issues that remain to be an issue for the movant!

For its "<u>Gross Error</u>" of committing a man for "14 yrs of his life, The Circuit Court of Orange Co, its safe to say "Definitely Owes" the movant some form of "Compensation", And "<u>Monetary Compensation</u>" is the only form of Compensation that court could give the movant, that would be sure to "<u>Assist</u>" the movant in getting some form of a life going for himself after a long absence!

The movant Submits this Filing for this Offices Consideration for Civil Remedy on the <u>Facts</u> written herein

Respectfully

Bernard Pitt #124585
404 Simpson Rd
Kissimmee, Fl, 34744

Jan 4th, 2021

Certificate of Service

A true and correct copy of this filing was mailed by US mail on this 4 day of January 2021 to the clerk for the District Court of Fl, The Middle District

—5—